UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| JAMES LEACH, | Civil Action No. 6: 17-007-KKC |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| SANDRA BUTLER, Warden, | |
| Respondent. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

James Leach is an inmate who was previously confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Leach filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny Leach's petition.

In 2010, Leach pled guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). *See United States v. James Leach*, No. 4:09-cr-579-RWS (E.D. Mo. 2010). Leach was determined to be a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines because he had at least two prior felony convictions for either a crime of violence or a controlled substance offense. *See id.* at R. 355. Therefore, Leach's sentence was enhanced, and his advisory guidelines range was 262 months to 327 months in prison. *See id.* That said, the United States District Court for the Eastern District of Missouri sentenced Leach to a total of 204 months of in prison. *See id.*

Leach did not file a direct appeal. *See id.* While Leach did move to vacate his sentence pursuant to 28 U.S.C. § 2255, that motion was denied. *See Leach v. United States*, No. 4:16-cv-904-RWS (E.D. Mo. 2016). Leach has now filed a § 2241 petition with this Court. [R. 1]. Leach

appears to be arguing that, in light of the Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior felony convictions are no longer valid predicate offenses to subject him to the career-offender enhancement under the sentencing guidelines.

Leach's § 2241 petition, however, is an impermissible collateral attack on his sentence. That is because while a federal prisoner may challenge the legality of his sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001). Instead, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Leach cannot use a § 2241 petition as a way of challenging his sentence.

Leach nevertheless suggests that § 2255(e)'s savings clause permits him to attack his sentence in a § 2241 petition, and he relies on the Sixth Circuit's recent decision in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), to support his position. But that suggestion is off base. To be sure, the Sixth Circuit has said that "the so-called savings clause of section 2255 provides that if section 2255 is inadequate or ineffective to test the legality of his detention, . . . then a federal prisoner may also challenge the validity of his . . . sentence under § 2241." *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012) (internal citations and quotation marks omitted). And it is also true that, in *Hill v. Masters*, the Sixth Circuit held that, under certain circumstances, a prisoner may

challenge a sentence enhancement in a § 2241 petition. *See Hill*, 836 F.3d at 599-600. However, the Sixth Circuit expressly limited those circumstances to

> a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply here. After all, the trial court sentenced Leach in 2010—well after the Supreme Court decided *Booker* and held that the sentencing guidelines were advisory. And, notably, the trial court imposed a sentence on Leach that was well below the applicable guidelines range, further distinguishing his case from *Hill*. In short, Leach's argument regarding § 2255(e)'s savings clause and his reliance on *Hill* are unavailing.

Accordingly, **IT IS ORDERED** that:

1. Leach's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.
2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.
3. Judgment shall be entered this date.

Dated July 10, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3